Petrit GJOLAJ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–1807–ag.

United States Court of Appeals, Second Circuit.

Nov. 17, 2006.

Parker Waggaman, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Stacy C. Gerber Ward, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petrit Gjolaj, a native and citizen of Albania, seeks review of a March 21, 2006 order of the BIA affirming the September 28, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Petrit Gjolaj*, No. A97 976 480 (B.I.A. Mar. 21, 2006), *aff'g* No. A97 976 480 (Immig. Ct. N.Y. City Sept. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA rejects part of the basis of an IJ's decision, but affirms the holding in every other respect, this Court reviews the IJ's opinion as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The agency gave specific and cogent reasons for its conclusion that Gjolaj's testimony lacked credibility, including his inconsistent testimony regarding whether the alleged 2000 persecutorial incident took place in April or October, and the inconsistency between his testimony and his extensively detailed asylum application regarding whether he was struck in the back of the head by the police during that demonstration. The agency also reasonably based its adverse credibility finding on Gjolaj's failure to corroborate his claims with testimony or a written statement from his wife, or with her asylum application, given that his wife lived with him in the United States and was reasonably available. Although Gjolaj testified that his wife witnessed the aggressive search of their home after the 2000 demonstration and other incidents of persecution in 2001, he failed to submit a copy of his wife's asylum application, which was based on many of the same underlying events.

■ Although the IJ's decision is unclear, she appears to conclude that Gjolaj testified inconsistently about the dates of his opposition activities in 1991. The record reveals no such inconsistency, but as the IJ stated that this discrepancy was not "given significant weight," remand is inappropriate. The IJ's adverse credibility determination is otherwise supported by substantial evidence, and we can confidently predict that the IJ would reach the same result on Gjolaj's asylum claim. *See Xiao Ji Chen*, 434 F.3d at 158–60. Because the only evidence of a threat of future persecution to Gjolaj depended upon his credibility, the adverse credibility determination in this case necessarily precludes success not only on his claim of a well-founded fear of persecution, but also on his claim for withholding of removal on that basis. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir.2006). Even though Gjolaj did not raise his CAT claim before the BIA, the BIA considered and decided that claim, giving this Court jurisdiction to review it. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296–97 (2d Cir.

2006) (finding that the Court has jurisdiction to review a claim that was not argued before the BIA if the BIA nonetheless addressed it). However, because Gjolaj does not raise his CAT claim here, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.